HOFFMAN MOTOR CAR CO. v. JAGUAR CARS NORTH AMERICAN CORP. et al.— Order appealed from modified to grant a temporary injunction until March 7, 1955, which injunction may be continued at the direction of the trial court. The case is set down for trial in Special Term, Part XI, on February 21, 1955. Settle order. Present — Peck, P. J., Callahan, Breitel, Botein and Rabin, JJ.

## (February 23, 1955.)

MARY ASNIS et al., Appellants, v. 1707–9 MANAGEMENT CORP., Respondent, et al., Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Callahan, Breitel and Bastow, JJ. [See *post*, p. 1049.]

DOROTHY POLANSKY, on Behalf of JOEL POLANSKY and Another, Infants, Respondent, v. ANNA POLANSKY, Appellant.— Order appealed from reversed on the law and the facts and the proceeding dismissed, without costs. Subdivision 3 of section 101 of the Domestic Relations Court Act of the City of New York places legal liability for support of grandchildren upon grandparents who are of sufficient means to support them, where the children are unable to secure adequate support from their parents. In this proceeding it appears that appellant, the paternal grandmother of the infants, is a widow with assets consisting of about $24,000 on deposit in savings accounts. The record does not show that the grandmother has any other source of income and it may fairly be inferred that the interest from the bank deposits, without invading the principal, is insufficient for her support. The order appealed from, however, directs her to pay $600 per year towards the support of the grandchildren. The parents are separated and the mother has custody of the children. She is working and earns approximately $2,500 per year. The mother and children live with the maternal grandmother who voluntarily contributes $600 per year towards their support. It appears from statements made upon the oral argument of the appeal that the father, who is ill and unable to work, resides with the appellant. The implied findings of the trial court that the appellant is of sufficient means to support the grandchildren and that the children are not now being adequately supported are not sustained by the evidence (cf. *Matter of Calhoun* v. *Calhoun*, 256 App. Div. 672). Settle order. Present — Peck, P. J., Cohn, Breitel, Bastow and Rabin, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERT SCHREIBER and BEATRICE GINSBURG, Appellants.— Judgment as to defendant Schreiber unanimously affirmed. No opinion. Present — Peck, P. J., Cohn, Breitel and Bastow, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERT SCHREIBER and BEATRICE GINSBURG, Appellants.— Judgment unanimously reversed upon the ground that the guilt of defendant Beatrice Ginsburg was not established beyond a reasonable doubt, and the information dismissed as to said defendant.— Present — Peck, P. J., Cohn, Breitel and Bastow, JJ.